IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES K. STANLEY, | ) |
| Plaintiff, | ) Cause No.: 1:23-cv-1268 |
| vs. | ) |
| TRADITIONS HOSPICE OF INDIANAPOLIS, LLC d/b/a TRADITIONS HEALTH, LLC, | ) |
| Defendant. | ) |

COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Plaintiff, Charles K. Stanley, by counsel and as his Complaint for Damages against Defendant, states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff Charles K. Stanley (hereinafter "Plaintiff" or "Stanley") is a resident of Marion County who was formerly employed by the Defendant.

2. Defendant, Traditions Hospice of Indianapolis, LLC d/b/a Traditions Health, LLC (hereinafter referred to as "Defendant" or "Traditions Health") is an employer as defined by 29 U.S.C. § 626, *et. seq.*, 42 U.S.C. §12101, *et. seq.* that conducts business in the State of Indiana.

3. Mr. Stanley filed a Charge of Discrimination (Charge 470-2023-00071) with the Equal Employment Opportunity Commission on or about September 29, 2022, alleging, *inter alia*, that Defendant violated the Age Discrimination in Employment Act, 29 U.S.C. §621, *et. sec.* and retaliated against his complaints of discrimination.

4. The Equal Employment Opportunity Commission regulations, issued to Mr. Stanley a 90-day Right to Sue letter on April 30, 2023.

5. Mr. Stanley invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331.

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

GENERAL FACTS & SPECIFIC ALLEGATIONS

7. Stanley a sixty-seven (67) year old male who was employed by the Defendant as a Chaplain for approximately six (6) years.

8. Plaintiff, at all relevant times met or exceeded the legitimate employment expectations of the Defendant.

9. In March 2022, Defendant merged two Indianapolis offices and reduced Stanley's hours to thirty (30) hours per week.

10. During this time, younger chaplains were converted to salaried positions and Defendant began assigning new patients to the younger, salaried chaplains.

11. Plaintiff then learned that his paid time off ("PTO") had been reduced by fifty percent (50%), allegedly due to his reduction in hours.

12. Plaintiff discussed the matter with Defendant's human resource department and suggested he was considering retirement over the incident.

13. It was therefore agreed that Plaintiff would receive an additional thirty-three (33) hours of PTO.

14. Plaintiff was never given the additional PTO, and emailed Defendant's human resource department about it.

15. Plaintiff informed human resources that he had no intention of retiring in 2022.

16. In August, Plaintiff received a performance evaluation that rated him much lower than he had ever been rated in the past.

17. Plaintiff complained to the Defendant that he thought he was being treated less favorably than the other chaplains due to his age.

18. On September 8, 2022, Defendant notified Plaintiff that he was to retire no later than September 30, 2022.

19. Plaintiff complained that he did not want to retire and was told that it is not up for discussion.

20. On September 20, 2022, Defendant notified Plaintiff that he should return all company property immediately and would no longer be employed.

## COUNT I
### AGE DISCRIMINATION IN EMPLOYMENT ACT

21. Plaintiff incorporates by reference paragraphs one (1) through twenty (20) above.

22. Plaintiff belongs to a protected class by way of his age.

23. Defendant's decision to terminate Plaintiff was because of his age.

24. Similarly situated chaplains who were younger than Plaintiff were treated more favorably in that they were converted to salaried positions, did not have their hours cut, did not receive unfavorable reviews and were not terminated.

25. Defendant, Traditions Health, willfully violated the Age Discrimination in Employment Act when it terminated Plaintiff.

26. As a result of the foregoing, Plaintiff sustained damages including, but not limited to, lost wages, back pay, front pay, benefits, liquidated damages, costs and attorney fees.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of unpaid wages, liquidated damages, back pay, punitive damages, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

COUNT II
RETALIATION

27. Plaintiff incorporates by reference paragraphs one (1) through twenty-six (26) above.

28. Plaintiff engaged in protected activity when he complained that he was being treated less favorably than younger chaplains.

29. Defendant's decision to terminate Plaintiff was in retaliation for his complaints of discrimination.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of unpaid wages, back pay, liquidated damages, punitive damages, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
Paul J. Cummings, #22713-41

REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
Paul J. Cummings, #22713-41

HENN HAWORTH CUMMINGS & PAGE
1634 W. Smith Valley Road – Suite B
Greenwood, Indiana 46142
(317) 885-0041
(888) 308-6503 Fax